961 So.2d 579 (2007)
STATE of Louisiana, Appellee
v.
Marlon Tyrone COLEMAN, Appellant.
No. 42,128-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*580 James E. Beal, Jonesboro, Mary E. Halterman, Shreveport, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and MOORE, JJ.
WILLIAMS, Judge.
The defendant, Marlon Coleman, was charged by bill of information with two counts of distribution of cocaine, a violation of LSA-R.S. 40:967(A). Pursuant to a plea agreement, defendant pled guilty to one count of distribution of cocaine and the state dismissed the second count along with two other pending charges for possession of cocaine and possession of marijuana. The district court imposed a sentence of eight years at hard labor and denied defendant's timely motion for reconsideration of sentence. Defendant appeals his sentence as excessive. For the following reasons, we affirm.

DISCUSSION
The record shows that in November 2005, the defendant sold two rocks of crack cocaine for $30 to a confidential informant working with the Webster Parish Sheriff's Office. Several days later, the defendant again sold rock cocaine to the confidential informant. Subsequently, defendant was arrested and charged with two counts of distribution of cocaine. In accordance with the plea agreement, the defendant pled guilty to one count of distribution of cocaine, for which he was sentenced to serve eight years at hard labor.
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that the goals of punishment would be accomplished with a less severe sentence considering his background and the circumstances of the case.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The articulation of the factual basis for a sentence is the goal of Article 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641.
The second inquiry involves a determination of whether the sentence imposed *581 is too severe in light of the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless and purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. McCall, 37,442 (La. App. 2d Cir.8/20/03), 852 So.2d 1162.
A conviction for distribution of cocaine is punished by imprisonment at hard labor for not less than two years nor more than 30 years, with the first two years of said sentence to be served without benefit of parole, probation or suspension of sentence. LSA-R.S. 40:967(B).
Prior to imposing sentence in this case, the district court reviewed a pre-sentence investigation (PSI) report. The court stated that defendant was a first felony offender with a "significant" criminal history, which included convictions for theft and flight from an officer. Noting the facts of this case, the court found that defendant was "a dealer in cocaine" based upon his sale of the drug on two separate occasions.
In his appellate brief, defendant contends the sentence imposed was too severe considering his age and lack of prior felony convictions. The defendant further contends the district court erred in simply adopting the sentencing recommendation presented in the PSI by the Department of Corrections, which is without legal authority to sentence the defendant.
We note that the sentencing recommendation made by the Department of Corrections is statutorily authorized by LSA-R.S. 15:1132. Accordingly, the district court could consider such a recommendation in exercising its discretion to determine the appropriate sentence for a particular defendant. Here, after noting the sentencing recommendation, the court gave defendant an opportunity to make a statement and the defense attorney pointed out that defendant was 29 years old and was gainfully employed at the time of the offense. Thus, the defendant's contentions are not supported by the record, which shows that the district court was aware of the defendant's age, his employment history and his status as a first felony offender. In addition, the court noted the "long laundry list" of defendant's prior criminal offenses.
After reviewing the record, we conclude that an adequate factual basis exists for the imposition of this sentence, which is in the lower end of the sentencing range for the offense of conviction. Moreover, defendant's sentencing exposure was reduced as a result of the plea agreement that provided for the dismissal of several other pending charges.
Considering the background of the defendant and the circumstances of this case, the sentence imposed is lawful and is neither grossly disproportionate to the severity of the offense committed nor shocking to the sense of justice. There is no showing of an abuse of the district court's discretion in sentencing this defendant. Consequently, we cannot say that the sentence *582 is constitutionally excessive. The assignment of error lacks merit.
Error Patent
In reviewing the record for error patent, we note that at sentencing the district court failed to specify that the first two years of defendant's sentence must be served without benefit of parole, probation or suspension of sentence pursuant to LSA-R.S. 40:967(B)(4)(b). When a district court fails to order service of sentence without benefits in a case in which a determinate time period to be so served is mandated by the statute of conviction, the sentence will automatically be served without benefits for the required time period. LSA-R.S. 15:301.1(A); State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. Therefore, there is no need to remand for correction of this sentencing error.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.