989 So.2d 267 (2008)
STATE of Louisiana, Appellee
v.
Surah SWAYZER, Appellant.
No. 43,350-KA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
*269 W. Jarred Franklin, for Appellant.
William R. Coenen, Jr., District Attorney, Johnny R. Boothe, Penny W. Douciere, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, J.
The defendant, Surah Swayzer, was charged by bill of information with driving while intoxicated (DWI), fourth offense, a violation of LSA-R.S. 14:98. Following a jury trial, the defendant was found guilty as charged. The trial court imposed a sentence of 20 years at hard labor with credit for time served and denied defendant's motion to reconsider sentence. Defendant appeals his conviction and sentence. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
On September 28, 2006, Wisner Police Officer Vincent Smith observed the defendant leave a convenience store parking lot and drive onto Highway 562 in Franklin Parish. Officer Smith knew the defendant and stopped him because of an outstanding arrest warrant. Upon coming into contact with defendant, Officer Smith noticed a strong smell of alcohol on his breath. In addition, defendant's speech was slurred and he appeared unsteady on his feet. The officer conducted a field sobriety test known as the walk and turn. Based on the results of the test and on his observations of the defendant, Officer Smith placed defendant under arrest for DWI. At the Franklin Parish Detention Center, the defendant declined to take the Intoxilizer test and admitted to drinking one 16-ounce can of beer.
Subsequently, defendant was charged with DWI fourth offense. A six-person jury found defendant guilty as charged. The trial court sentenced defendant to serve 20 years at hard labor. This appeal followed.

DISCUSSION
The defendant contends the state failed to present sufficient evidence to support the conviction of DWI fourth offense. The defendant argues that the state failed to prove that he was intoxicated or that he was the same person who was convicted of the prior offenses, noting the lack of any fingerprints, expert testimony or photographs in the record linking defendant to the prior convictions.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, *270 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 02-2634 (La.9/5/03), 852 So.2d 1020. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court gives great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
In order to convict an accused of driving while intoxicated, the prosecution must prove that the defendant was operating a vehicle while under the influence of alcohol or drugs. LSA-R.S. 14:98(A)(1)(a); State v. Minnifield, 31,527 (La.App. 2d Cir.1/20/99), 727 So.2d 1207, writ denied, 99-0516 (La.6/18/99), 745 So.2d 19.
Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. State v. McDonald, 33,013 (La.App. 2d Cir.3/1/00), 754 So.2d 382; State v. Pitre, 532 So.2d 424 (La.App. 1st Cir.1988), writ denied, 538 So.2d 590 (La. 1989). It is not necessary that a conviction for DWI be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish a defendant's guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983); State v. Blackburn, 37,918 (La.App. 2d Cir.1/28/04), 865 So.2d 912. A defendant's refusal to take the breath test is admissible at a DWI prosecution; the weight of the evidence is left to the trier of fact. LSA-R.S. 32:666 A(3); State v. Dugas, 252 La. 345, 211 So.2d 285 (1968); State v. Blackburn, supra.
In the present case, Officer Smith testified that in September 2006, he stopped defendant on an outstanding warrant and noticed that when the defendant was getting out of his automobile, he needed to lean against the vehicle to keep from falling down. Smith stated there was a strong smell of alcohol on defendant's breath, that his speech was slurred and that the defendant failed the walk-and-turn field sobriety test by staggering and losing his balance. Smith testified that he then arrested defendant for DWI without conducting any other such tests. According to Smith, the defendant's level of impairment was "very obvious, very extreme," and there was no doubt in Smith's mind that the defendant was intoxicated. Smith stated that defendant later refused a breath test.
Deputy Sheriff Tim Pylant testified that he was the operator of the Intoxilizer test for the Franklin Parish Sheriff's Office in November 1997, when defendant was arrested for DWI. Pylant stated that the defendant's arrest led to his conviction for DWI in the Fifth Judicial District Court. Pylant's testimony was used to introduce into evidence the bill of information and minutes of court relating to the defendant's 1998 DWI conviction. Pylant identified the defendant in court as the person who had been previously arrested.
Donnie Johnson, a Franklin Parish Sheriff's Deputy who worked at the detention center, testified that in March 2000 he conducted an Intoxilizer test on the defendant after his DWI arrest. Johnson identified the defendant in court as the person who was tested. Johnson testified that the arrest led to the defendant's DWI conviction. Johnson's testimony was used to introduce the bill of information and court minutes relating to the defendant's July 2000 conviction for DWI in Franklin Parish.
*271 State Police Officer Ronnie Ledbetter testified that he had arrested the defendant for DWI in August 2000. Ledbetter stated that the arrest led to the defendant's February 2002 DWI conviction in the Fifth Judicial District Court, as shown by the related court minutes and bill of information introduced into evidence. Ledbetter identified the defendant in court as the same person he had arrested.
The evidence presented in this case, when viewed under the Jackson standard, was sufficient for the jury to rationally conclude that all of the elements of the crime were proved beyond a reasonable doubt. The testimony of the arresting officer was unequivocal that the defendant was intoxicated and severely impaired. In addition to being unsteady on his feet, the defendant's speech was slurred, there was a strong smell of alcohol on his breath and he failed a field sobriety test. The record supports the jury's finding that defendant was driving while intoxicated.
The defendant contends the state failed to offer adequate proof of his three prior DWI convictions. He argues that the testimony of the officers was insufficient to prove that he was the person previously convicted, since there was no showing that the officers were present in court at the time of the prior convictions.
A presumption of regularity attaches to prior convictions and judicial proceedings. In multiple-offender DWI cases, the state has the burden at trial to prove the existence of the prior convictions and the defendant's identity as the prior offender. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. In addition to proof that a person with the defendant's name has a prior conviction, the state must offer proof that the defendant is the same person who was previously convicted to establish prima facie evidence that the two persons are the same. State v. Watson, 40,059 (La.App. 2d Cir.9/21/05), 911 So.2d 396. Various methods may be used to prove that the defendant on trial is the same person whose name is shown as the defendant in the evidence of a prior conviction, including the testimony of witnesses. Watson, supra.
Initially, we note that defendant has not appealed the trial court's refusal to exclude evidence of the 1998 conviction on the grounds that he was not informed of the applicable cleansing period; nor did defendant object at trial to the introduction of the documentary evidence based upon the lack of a foundation. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. art. 841; State v. Smith, 39,698 (La.App. 2d Cir.6/29/05), 907 So.2d 192.
In any event, the testimony of the officers involved in the prior arrests, along with the documentary evidence, was sufficient to prove the identity of the defendant as the person previously convicted. The officers involved with defendant's prior arrests testified that they were familiar with the proceedings that resulted from the DWI arrests and identified defendant as the individual who was previously arrested. The officers all testified that the arrests with which they were involved resulted in the DWI convictions reflected in the documentary evidence. In addition, the bills of information for the July 2000 and February 2002 DWI convictions show the same birth date for defendant as the bench warrant in the present case.
Based upon this record, the state produced sufficient evidence to support the defendant's conviction of driving while intoxicated, fourth offense. The assignment of error lacks merit.

Sentencing
The defendant contends the trial court erred in imposing an excessive sentence. *272 Defendant argues that the court failed to adequately consider the statutory sentencing factors and that the goals of punishment would be accomplished with a less severe sentence considering his background.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57, 04-2380 (La.6/3/05), 903 So.2d 452.
The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Bradford, 29,519 (La. App. 2d Cir.4/2/97), 691 So.2d 864. Under LSA-R.S. 14:98(E)(1)(a), the penalty range for conviction of DWI fourth offense is imprisonment with or without hard labor for not less than 10 years, nor more than 30 years, with a fine of $5,000. Additionally, 60 days of the sentence of imprisonment must be served without benefit of parole, probation or suspension of sentence.
Prior to imposing sentence, the trial court reviewed a presentence investigation report. The court noted that the defendant was a first felony offender and that in addition to the prior DWI convictions in 1998, 2000, and 2002, the defendant had previously pled guilty to DWI in June 1979 and possession of marijuana in January 1975.
The court considered the defendant's social background, noting that the defendant was the ninth of thirteen children, had attended school through the 10th grade, had obtained his GED, and had trained as a welder and fitter in the Job Corps. The court was also aware of defendant's work history and that he was divorced with three children, one of whom had died. The court stated that its experience with the defendant indicated that he did not think he had a drinking problem or that he had done anything wrong. The court observed that the defendant was a "chronic drunk driver" and that it did not see any hope the defendant was going to change his conduct.
*273 The record shows that the court adequately articulated the reasons for imposing the 20-year hard labor sentence. After considering the defendant's lengthy history of DWI arrests and convictions, his lack of recognition that he has a problem and the danger he posed to other drivers on the highway, we conclude the sentence imposed is neither grossly disproportionate to the seriousness of the offense committed nor shocking to the sense of justice. There is no showing that the district court abused its discretion in sentencing this defendant. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.

Error Patent
Our error patent review indicates that at sentencing, the district court failed to specify that 60 days of defendant's sentence must be served without benefit of parole, probation or suspension of sentence pursuant to LSA-R.S. 14:98(E)(1)(a). When a district court fails to order service of sentence without benefits where a determinate time period to be so served is statutorily mandated, the sentence will automatically be served without benefits for the required time period. LSA-R.S. 15:301.1(A); State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Coleman, 42,128 (La.App. 2d Cir.6/20/07), 961 So.2d 579. Therefore, there is no need to remand for correction of this sentencing error.
In addition, we note that the trial court failed to impose the mandatory $5,000 fine. LSA-C.Cr.P. art. 882 provides that an illegally lenient sentence may be corrected at any time by an appellate court on review. Thus, this court has discretion in deciding whether to correct an illegally lenient sentence. State v. Griffin, 41,946 (La.App. 2d Cir.5/2/07), 956 So.2d 199; State v. Sims, 40,300 (La.App. 2d Cir.10/26/05), 914 So.2d 594. Given the defendant's apparent indigent status, the term of imprisonment imposed and the state's failure to object at the time of sentencing, we decline to amend the sentence to impose the fine in this case.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.