WILLIAMS, J.
|tThe defendant, James H. Hicks, was charged by bill of information with distribution of a Schedule III controlled dangerous substance, hydrocodone, a violation of LSA-R.S. 40:968(A), and distribution of a Schedule II controlled dangerous substance, methamphetamine, a violation of LSA-R.S. 40:967. Pursuant to a plea agreement, the defendant pled guilty as charged to one count of distribution of a Schedule III CDS and the state dismissed the charge of distribution of a Schedule II CDS. The defendant was sentenced to imprisonment of six years at hard labor to run consecutively to any other sentence the defendant was obligated to serve. The district court denied defendant’s motion to *853 reconsider sentence and the defendant appeals. For the following reasons, we affirm.
FACTS
On February 22, 2006, the defendant was the subject of an undercover operation conducted by the Bossier City Police Department (BCPD). A police officer went to East Texas Street and contacted the defendant regarding the purchase of Lor-tab pills. After being paid $50 in BCPD funds, the defendant returned with ten Lortab pills wrapped in a napkin and delivered them to the officer. The North Louisiana Crime Lab confirmed that the pills contained hydrocodone, a Schedule III CDS. Two days later, defendant sold police officers methamphetamine. After his arrest, defendant pled guilty to distribution of hydrocodone and the distribution of methamphetamine charge was dismissed.
Before sentence was imposed, the district court heard the state’s motion to revoke the defendant’s probated sentence from an earlier 12conviction based upon the present conviction. The defendant’s probation was revoked and he was ordered to serve the original sentence. Regarding the present conviction, the court sentenced defendant to serve six years at hard labor with the sentence to run consecutively to any other sentence the defendant was obligated to serve. The court also recommended the defendant for substance abuse treatment during incarceration.
The defendant’s timely pro se motion to reconsider sentence was denied and no timely motion for appeal was filed. However, in response to the defendant’s April 2008 petition for post-conviction relief alleging ineffective assistance of counsel due to his attorney’s failure to file an appeal from his sentence, the trial court granted defendant an out-of-time appeal and appointed the Louisiana Appellate Project to represent him.
DISCUSSION
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the requirement that this sentence be served consecutively to the sentence for his prior drug offense serves no useful purpose and is excessive in light of his need for drug treatment and the small quantity of drugs involved.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La]1983);a State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. State v. Landos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of *854 proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
The penalty for conviction of distribution of Schedule III CDS is imprisonment at hard labor for not more than 10 years and an optional fine of not more than $15,000. LSA-R.S. 40:968(B).
Prior to imposing sentence, the district court reviewed a presentence | investigation report and recited the defendant’s criminal history, which included prior felony convictions for obtaining a controlled dangerous substance through fraud and for possession of a Schedule II controlled dangerous substance. The court noted that the defendant was a 40-year-old third felony offender who had committed the present offense while on probation. Regarding the defendant’s personal history, the court observed that defendant was not married, did not have children and had maintained a fairly steady employment record since graduating from high school. The court noted the defendant’s history of drug use (marijuana, cocaine and methamphetamine) which started at the age of 13. The court found that the defendant’s criminal conduct while on probation raised the likelihood he would commit another offense in the future, that any lesser sentence would deprecate the seriousness of the offense committed and that the defendant was in need of a custodial environment provided by an institution.
The defendant argues that the district court erred in imposing a consecutive sentence and that he should have received a chance for treatment rather than incarceration. However, the court’s imposition of a 6-year sentence consecutive to any other sentence defendant was serving was consistent with LSA-C.Cr.P. art. 883, which provides that when a person is convicted for offenses that do not arise out of the same act or transaction, the sentences shall be served consecutively unless the court expressly states otherwise. In addition, we note that the court responded to defendant’s expressed problem with drug addiction by recommending that he receive substance abuse treatment during his incarceration.
| Jn this case, the record demonstrates that the district court carefully considered the provisions of Article 894.1 in determining the defendant’s sentence. The court provided comprehensive oral reasons for imposition of a mid-range sentence for the offense of conviction. Given the defendant’s age, prior criminal conduct and the benefit he gained from the plea agreement dismissing another felony drug count, the sentence imposed is neither grossly disproportionate to the seriousness of the offense committed nor shocking to the sense of justice. There is no showing that the district court abused its discretion in sentencing this defendant. Thus, we cannot say the sentence imposed is constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.