WILLIAMS, J.
 

 | iThe defendant, Jackie Webster, was charged with felony theft of property having a value of $500 or more, a violation of LSA-R.S. 14:67(B). Pursuant to a plea agreement, defendant pled guilty as charged and the state agreed not to seek enhancement of defendant’s sentence as an habitual offender. The trial court ordered a presentence investigation (PSI) report. Subsequently, the defendant was sentenced to serve 8 years’ imprisonment at hard labor. The defendant’s timely motion to reconsider sentence was denied. She now appeals. For the following reasons, we affirm.
 

 DISCUSSION
 

 The record shows that in May 2008, Hodge Thomas reported to the Ouachita Parish Sheriffs Office that a suitcase containing $4,100 was taken from his home. He suspected it was taken by the defendant, a woman with whom he had a longtime relationship. When she was questioned about the complaint, the defendant admitted to investigators that she took the suitcase, but disputed the amount of cash it contained. She was arrested and charged with felony theft. The defendant pled guilty as charged and was sentenced to serve 8 years’ imprisonment at hard labor. The district court recommended a substance abuse treatment program during defendant’s incarceration and ordered restitution to the victim of $4,100 as a special condition of parole.
 

 The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the sentence is grossly out of proportion to the severity of the crime, considering that she took responsibility for her actions by pleading guilty and is in need of drug [ gtreatment which could best be obtained in a non-custodial environment.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 438 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App. 2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App. 2d Cir.8/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 *210
 

 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A |ssentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166. The penalty for felony theft of property valued at $500 or more is imprisonment with or without hard labor for not more than 10 years or a fíne of up to $3,000, or both. LSA-R.S. 14:67(33).
 

 Prior to imposing sentence, the district court reviewed a PSI report and recited the defendant’s criminal history, which included two prior felony convictions for cocaine possession. The court noted that defendant was a third felony offender who had repeatedly failed to satisfactorily perform while on probation or parole. In mitigation, the district court observed that defendant had no history of juvenile delinquency and the court was aware of defendant’s age and her admitted drug addiction.
 

 The court noted that defendant had failed to avail herself of previous opportunities for rehabilitation during periods of supervised release and had reduced her sentencing exposure through the plea agreement. The 8-year sentence imposed was tailored to fit this defendant and is neither grossly disproportionate to the severity of the offense committed nor an abuse of the court’s discretion. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit. We have examined the record for error patent and found none.
 

 CONCLUSION
 

 The defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.