WILLIAMS, J.
|2The defendant, Vickie Hanks, was charged by bill of information with distribution of a Schedule II, Controlled Dangerous Substance (cocaine), a violation of LSA-R.S. 40:967. Pursuant to a plea agreement, the state amended the bill of information and the defendant pled guilty to the charge of attempted distribution of cocaine, in violation of LSA-R.S. 40:979 and 40:967. The defendant was sentenced to serve 10 years of imprisonment at hard labor. The district court denied defendant’s motion to reconsider sentence. The defendant appeals her sentence as excessive. For the following reasons, we affirm.
DISCUSSION
The record shows that in June 2008, defendant went to the Embers Motel in Franklin Parish and sold $80 worth of crack cocaine to an undercover agent. Defendant was arrested and charged with distribution of cocaine. As a result of the plea agreement, the defendant pled guilty to the reduced charge of attempted distribution of cocaine and the state agreed not to charge her as an habitual offender. Subsequently, the district court sentenced defendant to serve 10 years at hard labor. This appeal followed.
*1095 The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the 10-year sentence is excessive considering that she is a 50-year-old grandmother who desires treatment for her acknowledged substance abuse problem.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge |sis not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581.
Second, the court must examine whether the sentence is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, the appellate court will not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. The sentencing range for a |4conviction of distribution of cocaine is two to 30 years at hard labor, the first two years of said sentence being without benefit of parole, probation or suspension of sentence, and an optional fíne of not more than $50,000. LSA-R.S. 40:967(B)(4)(b). The penalty for conviction of attempted distribution of cocaine is imprisonment and a possible fine not to exceed one-half of the maximum punishment for distribution. LSA-R.S. 40:979.
Prior to imposing sentence, the district court reviewed a presentence investigation (PSI) report and recited defendant’s criminal history, which included prior felony convictions for simple burglary and forgery. The court noted that defendant was placed on probation for the simple burglary conviction, but her probation had been revoked after positive drug screens. The court considered the guidelines of Article 894.1, finding that there was an undue risk the defendant would commit another crime if not incarcerated, that she was in need of correctional treatment most effectively provided by her commitment to a penal institution, and that a lesser sentence would deprecate the seriousness of her offense.
Regarding defendant’s social history, the court was aware of defendant’s age, that she had graduated from high school and that her employment provided the primary financial support for her family. However, *1096 the court found several aggravating factors, including defendant’s status as a third felony offender, her poor performance during probation and her continued use of cocaine despite previous substance abuse treatment. The court also pointed out that defendant had reduced her sentencing exposure through the plea agreement, which provided that the state would not file a multiple offender bill of information.
IsThe record demonstrates that the district court considered the appropriate factors and articulated adequate reasons for the imposition of this 10-year sentence, which is neither grossly disproportionate to the seriousness of the offense committed nor an abuse of the court’s discretion. Thus, we cannot say the sentence imposed is constitutionally excessive. The assignment of error lacks merit.
In reviewing the record for error patent, we note that the district court failed to specify that the first year of defendant’s sentence must be served without benefit of parole, probation or suspension of sentence pursuant to Sections 967(B)(4)(b) and 979. When a district court fails to order that a sentence should be served without benefits as mandated by statute, those required restrictions are self-activating and there is no need to remand for correction of an illegally lenient sentence. LSA-R.S. 15:301.1(A); State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Sudds, 43,689 (La.App.2d Cir.12/3/08), 998 So.2d 851.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.