LOLLEY, J.
_[iMitchell Glenn Washington (“Washington”) was convicted by the First Judicial District Court, Parish of Caddo, State of Louisiana, of one count of second degree kidnapping, in violation of La. R.S. 14:44.1, and was sentenced to 38 years at hard labor without the benefit of probation or suspension of sentence. Washington now appeals. We affirm his conviction and sentence.
FACTS
On the night of April 20, 2010, Shreveport police officers responded to a call from 1759 Malcolm Street, Shreveport, LA. When officers arrived, Jatavious Martin informed them that Washington had taken Martin’s aunt, Latosie Adger (“Adger”), from the residence by force. After patrolling the neighborhood, officers located Washington and Adger arguing near the corner of Linwood Avenue and Natalie Street. When the officers exited the vehicle, Adger became hysterical, screaming that she needed help and that she thought she was going to die. After police interviewed Washington and Adger, they placed Washington under arrest for the kidnapping of Adger. With Adger’s help, officers located a box cutter at the scene which Adger said Washington used to carry out her kidnapping. Subsequently, Washington was charged by bill of information with one count of second degree kidnapping, a violation of La. R.S. 14:44.1.
After trial, a jury found Washington guilty as charged. The trial court adjudicated Washington as a third felony offender and sentenced Washington to 38 years’ hard labor without benefit of probation or |2suspension of sentence. Washington filed a motion for reconsideration of his sentence, and the trial court denied the motion. This appeal followed.
DISCUSSION

Sufficiency of the Evidence

As his first assignment of error, Washington argues that the State did not produce sufficient evidence to convict him of second degree kidnapping. Specifically, Washington claims that witnesses contradicted one another and that the State did not provide sufficient evidence to prove that the box cutter carried by Washington was used as a weapon.
Louisiana R.S. 14:44.1 is the crime of second degree kidnapping and states, in pertinent part:
A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
[[Image here]]
(5) Imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.
B. For purposes of this Section, kidnapping is:
*840 (1) The forcible seizing and carrying of any person from one place to another[.]
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.05/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. State v. Pigford, 2005-0477 (La.02/22/06), 922 So.2d 517. The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness. State v. Casey, 1999-0023 (La.01/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104,148 L.Ed.2d 62 (2000). The reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. Id.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 1994-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.02/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence, must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that a defendant was guilty of every essential element of the crime. _[4State v. Sutton, 436 So.2d 471 (La.1983); State v. Speed, 43,786 (La.App.2d Cir.01/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/06/09), 21 So.3d 299.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App.2d Cir.02/13/08), 975 So.2d 753.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Speed, supra.
Viewing the evidence in a light most favorable to the prosecution, the State produced sufficient evidence to convict Washington of second degree kidnapping. Both Adger and her nephew, Martin, testified that Washington removed Adger from the residence at 1759 Malcolm Street by force. Both Adger and Martin testified that Washington possessed a box cutter at the time he forcibly removed Adger from the residence. Adger told the jury how Washington held the point of the box cutter to her side after he had carried her several blocks from the residence. Finally, Corporal Denham testified that he located the box cutter in an open position after Adger told him where she had last seen Washington carrying it. Although *841 witness testimony contained slight discrepancies, the jury assessed the credibility of the witnesses and determined which testimony to accept as true. This court affords great deference to the jury’s decision and will not reassess |5credibility of a witness or reweigh the evidence. Therefore, this assignment of error is without merit.

Excessiveness of Sentence

As his second and final assignment of error, Washington argues that the trial court imposed an excessive sentence upon him. Specifically, Washington asserts that the trial court did not adequately consider the appropriate factors contained in La. C. Cr. P. art. 894.1 and that the trial court imposed an excessive sentence.
The test applied by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.08/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.09/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital [6status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.09/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
Louisiana R.S. 15:529.1(A)(3), which governs sentencing upon conviction of a third felony offense states, in pertinent part:
If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction[.]
Second degree kidnapping is punishable by imprisonment at hard labor for not less *842 than five nor more than 40 years. La. R.S. 14:44.1(C).
17Here, the trial court adequately considered the criteria set forth in La. C. Cr. P. art. 894.1 and did not impose an excessive sentence. First, the record reflects that during Washington’s sentencing hearing, the trial court stated its consideration of the factors enumerated within La. C. Cr. P. art. 894.1. Specifically, the trial court noted that the crime Washington was being sentenced for was a crime of violence and that Washington’s criminal record contained other felony convictions which included sexual battery and failure to register as a sex offender. Second, although the trial court sentenced Washington to a term greater than the statutory minimum of 26 years for a third felony conviction, there is no indication that the trial court abused its discretion where Washington could have received a maximum sentence of 80 years’ hard labor. Considering Washington’s criminal record and the facts of this case, the imposition of this sentence does not shock the sense of justice, and this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the conviction and sentence of Mitchell Glenn Washington are affirmed.
AFFIRMED.