SEXTON, Judge Pro Tem.
| defendant, Frandisia White, pled guilty as charged to possession of cocaine with intent to distribute, a violation of La. R.S. 40:967(A)(1), and distribution of cocaine, a violation of La. R.S. 40:967(A)(1). He was subsequently sentenced to concurrent terms of 25 years’ imprisonment at hard labor, with the first 2 years to be served without benefit of parole, probation or suspension of sentence. The trial judge also recommended Defendant for mental health and substance abuse treatment. Defendant now appeals. For the reasons set forth herein, Defendant’s convictions and sentences are affirmed.

FACTS

On October 29, 2010, a confidential informant working with the Webster Parish Sheriffs Office narcotics investigators purchased $40 of crack cocaine from Defendant. The transaction was captured on audio and video. A short time later, on *565 November 22, 2010, Minden police officers were patrolling an area near Shreveport Road in response to vehicles being burglarized. Defendant, his girlfriend, Bobbie Ellis, and another individual were observed in the area. Defendant and Ellis were known by at least one of the officers. An officer observed Defendant throw a black bag to the ground. The bag was retrieved by the officers and was found to contain 25 rocks that the officers suspected to be crack cocaine with an estimated street value of $500. Subsequent testing by the North Louisiana Crime Lab confirmed the substance to be cocaine. Defendant denied ownership of the drugs, but Ellis explained that the cocaine did belong to Defendant and that | ¡¿Defendant intended to sell it. At the time of his arrest, Defendant had $215 in cash on his person.
As stated, Defendant was charged with distribution of cocaine and possession of cocaine with intent to distribute. Pursuant to a plea agreement, Defendant pled guilty as charged on September 19, 2011. In exchange for the plea, the State agreed that no habitual offender bill of information would be filed against Defendant. There was no agreed upon sentence; however, the parties agreed that a presentence investigation (“PSI”) would be ordered and that any sentences imposed would run concurrently.
During sentencing, the trial judge noted the facts of the offenses, Defendant’s social history, as well as his criminal history and other information contained in the PSI. The trial judge further indicated that Defendant provided a statement for the PSI in which he related that he was a smoker (of drugs) who was trying to support his habit. Defendant’s criminal history included four convictions for cocaine-related offenses, including a 1992 felony conviction for possession of cocaine for which he received a probated sentence. Defendant’s probation was later revoked in August 1995. Defendant’s history also included a 1998 conviction for two counts of distribution of cocaine for which he received consecutive sentences of eight years at hard labor. Defendant was paroled three times on these sentences. The first two parole terms were revoked; Defendant was paroled on the third occasion and, during that term of parole, a warrant was |sissued for his arrest. The parole board later recalled the warrant and terminated Defendant’s parole unsatisfactorily.
Defendant’s criminal history also included prior convictions for illegal discharge of a weapon, as well as several incidents of assaultive behavior resulting in a conviction of simple battery. Other convictions included criminal damage to property, disturbing the peace (fighting) and resisting an officer.
As previously stated, the trial judge then sentenced Defendant to two concurrent terms of 25 years’ imprisonment at hard labor, with the first 2 years of the sentences to be served without benefit of probation, parole or suspension of sentence. Defendant was given credit for time served and the trial judge recommended that he be evaluated, and receive treatment if necessary, for any mental health issues, as well as substance abuse treatment. A timely motion to reconsider sentence was denied and this appeal followed.

DISCUSSION

Excessive Sentence

Defendant argues that the sentence is excessive because the trial judge failed to consider all appropriate factors in determining the sentences. He contends the trial court merely focused on his criminal history and did not give adequate regard to any other factors. While Defendant agrees that he has a criminal history, he suggests that he is not the worst of offenders.
*566 |4The State responds that the sentences are within the sentencing range of the statute. It notes that Defendant received a considerable benefit from the plea agreement, including reducing his sentencing exposure.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La. App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 08-2697 (La.9/18/09) 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The applicable sentencing provision of La. R.S. 40:967 states:
B(4)(b) Distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 or oxycodone as provided in Schedule II(A)(l)(o) of R.S. 40:964 or methadone as provided in Schedule II(B)(11) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
During the sentencing hearing, the trial court carefully noted the presentence investigation information. The trial judge opined that Defendant was not a good candidate for supervision because of his previous poor performance while under supervision. The trial judge specifically indicated | fithat he considered Defendant’s *567 criminal history, his substance abuse issues and prior hard labor sentences. While the trial judge did not specifically recite the factors of La. C. Cr. P. art. 894.1, the record does indicate he adequately considered the appropriate factors in determining the Defendant’s sentence.
Given Defendant’s criminal history, as well as his performance while on supervised release, we conclude that Defendant has clearly shown that he did not wish to avail himself of the opportunities he had received in prior cases. On the contrary, Defendant has repeatedly returned to the same type of criminal conduct. On the instant charges, Defendant received a great benefit from his plea agreement with the imposition of concurrent sentences. Considering these factors, we do not find Defendant’s concurrent 25-year sentences to be grossly disproportionate to his crimes, nor are they nothing more than a purposeless and needless infliction of pain and suffering.

CONCLUSION

For the foregoing reasons, the convictions and sentences of Defendant, Frandi-sia White, are affirmed.
AFFIRMED.