LOLLEY, J.
JLjBrandon Deshon Blaekson was convicted by the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, of purse snatching in violation of La. R.S. 14:65.1 and was sentenced to 20 years’ hard labor. Blaekson now appeals. For the following reasons we affirm Blackson’s conviction, vacate his sentence, and remand this matter to the trial court for resentencing with instructions to impose a sentence no greater than 12 years at hard labor.
FACTS
On August 2, 2009, 85-year-old Joe Combs was shopping at a Family Dollar store when a young man approached him and stole his wallet, containing one dollar and various forms of identification, from the front pocket of his shirt. As Combs called out for help, Cassandra Hall and Shashun Eleam, both employees of Family Dollar, saw a young man carrying a wallet rush past and exit the store. Monroe Police Department Detective Mark Johnson responded to the incident and obtained surveillance video footage from both the Family Dollar store where the crime took place and Mac’s Fresh Market, a neighboring store. Detective Johnson showed the surveillance footage to his fellow police officers, and Detective Stephanie McDan-iels identified the suspect in the surveillance footage as Blaekson. Detective Johnson showed a photographic lineup containing a photo of Blaekson to Combs and the two Family Dollar employees who witnessed the incident. All three separately identified Blaekson as the person who took Combs’ wallet. Police recovered Combs’ wallet from a nearby trash can; however, they were unable to lift any fingerprints from it.
| gBIackson was charged by bill of information with one count of purse snatching in violation of La. R.S. 14:65.1. After a trial, a jury found him guilty as charged. The trial court, after articulating the reasons for its ruling, sentenced Blaekson to serve the maximum sentence of 20 years’ hard labor. Blackson’s motion to reconsider sentence was denied. This appeal followed.
DISCUSSION
As his first assignment of error, Blaekson argues that the evidence adduced *862 at trial was not sufficient to support a conviction of purse snatching. First, Blackson claims that the quality of the surveillance footage from which Det. Stephanie McDaniels identified him was too poor to make a positive identification. Next, Blackson argues that the photographic lineup shown to Combs and the Family Dollar employees was unduly suggestive. Blackson alleges that Detective Johnson had the witnesses initial the front of the photograph which they identified and that after the first witness identified and initialed Blackson’s photograph in this manner, Detective Johnson had to conceal the top edge of that photograph in order to avoid prejudicing the other two witnesses. Blackson asserts that because his photograph was the only one concealed in this way, it stood out from the other photographs in the lineup and, therefore, the lineup was unduly suggestive. We disagree.
Louisiana R.S. 14:65.1, the crime of purse snatching, states in pertinent part:
A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person | ¡¡of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Dorsey, 2010-0216 (La.09/07/11), 74 So.3d 603, cert denied, - U.S. -, 132 S.Ct. 1859, 182 L.Ed.2d 658 (2012). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. State v. Pigford, 2005-0477 (La.02/22/06), 922 So.2d 517. The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness. State v. Casey, 1999-0023 (La.01/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). The reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. Id.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.02/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913.
|4The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence, must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that a defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Speed, 43,786 (La.App.2d Cir.01/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/06/09), 21 So.3d 299. When a conviction is based on circumstantial evidence, such evidence must exclude any reasonable hypothesis of innocence. La. R.S. 15:438.
*863 In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App.2d Cir.02/13/08), 975 So.2d 753.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Speed, supra.
Here, there was more than sufficient evidence to convict Blackson. Combs testified that Blackson took his wallet from the front pocket of his shirt without his consent and fled the store. Cassandra Hall, an employee at |.^Family Dollar, stated that after Combs shouted that someone had robbed him, she witnessed Blackson run past her carrying Combs’ wallet and immediately exit the store. Shashun Eleam, another Family Dollar employee, testified that she was standing at the cash register near the front of the store when she heard someone say “the guy took his wallet.” She then witnessed a man she later identified as Blackson leaving the store. While Det. McDaniels’ positive identification of Blackson appears extraordinary considering the low quality of the video footage, such an identification is plausible considering the number of years McDaniels had known Blackson through her work as a detective with the Monroe Police Department.
Finally, the photographic lineup used by Det. Johnson to identify Black-son as a suspect was not unduly suggestive as Blackson argues. A lineup is unduly suggestive if the procedure focuses attention on the defendant. State v. Guillot, 353 So.2d 1005 (La.1977). A strict identity of characteristics is not required, but a sufficient resemblance to reasonably test the identification is necessary. Id. In the present case, Detective Johnson testified that when showing the lineup, which contained the photographs of five other men resembling Blackson, he concealed the tops of all of the photographs in the lineup so as to hide the initials of the prior witnesses who had already identified Blackson by initialing the front of his photograph. Thus, Blackson’s photograph with the prior witnesses’ initials did not stand out or appear different from the other photographs in the |fiIineup when shown to each successive witness. Therefore, this assignment of error is without merit.
As his second assignment of error, Blackson argues that the maximum sentence imposed by the trial court of 20 years’ hard labor is excessive. We agree.
The test applied by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Washington, 46,913 (La.App.2d Cir.02/01/12), 86 So.3d 697. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.08/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.09/18/09), 17 So.3d 388. The important elements which *864 should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 7581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Moton, 46,607 (La.App.2d Cir.09/21/11), 73 So.3d 503, writ denied, 2011-2288 (La.03/30/12), 85 So.3d 113.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Walls, 47,006 (La.App.2d Cir.02/29/12), 86 So.3d 71.
Here, the record reflects that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1; however, we find that the trial court’s sentence is grossly disproportionate to the seriousness of Blackson’s offense. Blackson’s cowardly and base offense as well as his continuing acts of criminality incident to his release on bond warrant a significant sentence; however, it cannot be said that Blackson’s crime had a particularly harmful effect on society. The victim in this crime was not injured, did not suffer financial harm, and held no ill will toward Blackson. Furthermore, although Black-son was alleged to have committed several crimes after being released on bond for the present offense, many of these charges were dismissed. The record reflects that he was convicted of interfering with an officer, careless operation of a vehicle, loitering, second degree battery, and resisting arrest by flight. While we agree with the trial court that Blackson’s |ssentence must take into account his inability to abide by the law and his craven predation on an elderly member of society, we do not feel that this crime supports the maximum sentence of 20 years. We find that a sentence of 12 years more appropriately reflects the gravity of this particular offense.
CONCLUSION
For the foregoing reasons, we affirm Brandon Deshon Blackson’s conviction. We also vacate his 20-year sentence and remand this matter to the trial court for resentencing, with instructions to impose a sentence of not more thari 12 years at hard labor.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.