LOLLEY, J.
|! David Henry was convicted by the First Judicial District Court, Parish of Caddo, State of Louisiana, of one count of distribution of schedule II controlled dangerous substance, in violation of La. R.S. 40:967(A)(1), and was sentenced to 50 years’ hard labor without the benefit of probation or suspension of sentence. Henry now appeals. We affirm Henry’s conviction, and, as amended, affirm his sentence.
FACTS
On October 16, 2009, Henry, along with Shenell Jones and Jerry Jackson, was arrested for selling crack cocaine to Shreveport Police Department Officer Robert Robinson, who was working undercover. Henry was charged by bill of information with one count of distribution of schedule II controlled dangerous substance, a violation of La. R.S. 40:967(A)(1).
Three days before trial, Henry filed a motion in limine seeking to have the testimony of Off. Robinson excluded from trial due to the State’s failure to provide a copy of Off. Robinson’s report. The same day, the State provided Henry with a copy of the report, and the trial court denied Henry’s motion.
After a trial, a jury found Henry guilty as charged. The trial court, after articulating reasons for its ruling, sentenced Henry to serve 30 years at hard labor without benefit of parole, probation or suspension of sentence. Henry was also fined $10,000.00 plus court costs.
| pHenry was charged by bill of information as a habitual offender pursuant to La. R.S. 15:529.1(A)(4). After a habitual offender hearing, Henry was adjudicated and subsequently resentenced as a fourth felony offender to 50 years’ hard labor without the benefit of probation or suspen *428 sion of sentence. Henry made a verbal motion to reconsider sentence which the trial court denied. This appeal followed.
DISCUSSION

Sufficiency of Evidence

As his first assignment of error, Henry argues that the evidence adduced at trial was not sufficient to support a conviction of distribution of schedule II controlled dangerous substance. Specifically, Henry argues that the State did not prove with sufficient evidence that the crack cocaine offered into evidence as State’s exhibit 2 was the same crack cocaine allegedly distributed from Henry to Off. Robinson. We disagree.
Louisiana R.S. 40:967(A)(1), the crime of possession of a schedule II controlled dangerous substance, states in pertinent part:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II[J
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential |selements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.05/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. State v. Pigford, 2005-0477 (La.02/22/06), 922 So.2d 517. The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness. State v. Casey, 1999-0023 (La.01/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). The reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. Id.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 1994-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.02/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct ^evidence and inferred from the circumstances established by that evidence, must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that a defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Speed, 43,786 (La.App.2d Cir.01/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/06/09), 21 So.3d 299. When a conviction is based on circumstantial evidence, such evidence must *429 exclude any reasonable hypothesis of innocence. La. R.S. 15:438.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,082 (La.App.2d Cir.02/13/08), 975 So.2d 753.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Speed, supra.
A defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Booker, 46,256 (La.App.2d Cir.05/18/11), 70 So.3d 818. Ultimately, connexity is a factual matter for determination by the trier of fact. State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir.1992).
Henry’s trial included the admission of physical evidence as well as the testimony of six witnesses, three of whom were police officers involved with the case.
IfiOfficer Robinson testified to having received complaints that drug sales were taking place in the area where Henry was arrested on October 16, 2009. Officer Robinson stated that after he parked his car, Henry approached Off. Robinson, who told Henry he wanted some “hard,” street slang for crack cocaine. Henry responded that he could get that for Off. Robinson and Off. Robinson handed Henry a $20 bill. Officer Robinson testified that Henry walked directly over to another person, later identified as Jerry Jackson, with whom Henry exchanged the money for a bag containing crack cocaine. Henry then brought the drugs toward Off. Robinson’s car but stopped short and placed the drugs on the ground directly adjacent to the door. Officer Robinson asked Henry why he left the drugs on the ground and Henry responded that he did not hand the drugs to Off. Robinson in case he was an undercover police officer. Shenell Jones, who was standing nearby, picked up the crack and handed it to Off. Robinson. At this point, Off. Robinson testified that he signaled for the arrest team to move in and place Henry, Jackson, and Jones under arrest. Officer Robinson’s testimony was corroborated by Officer Heather Flores, an officer of the Shreveport Police Department who accompanied Robinson during the operation, as well as Henry’s codefen-dants, Jerry Jackson and Shenell Jones.
Once the suspects had been arrested, Off. Robinson testified that he gave the narcotics to another police officer whose name he could not remember. During testimony, Off. Robinson identified State’s exhibit 2 as the bag of crack cocaine which Henry had sold him on October 16, 2009. | c,Deputy Steven Ashcraft, with the Caddo Parish Sheriff’s Department, was a member of the team responsible for making the arrest upon being signaled by Off. Robinson. Deputy Ashcraft corroborated Off. Robinson’s testimony by identifying State’s exhibit 2 as the crack cocaine he received from Off. Robinson after Henry was arrested.
During Off. Robinson’s testimony, the State provided the jury with footage from a hidden camera which captured the drug sale. While the footage is of low quality, Off. Robinson was able to identify the activity captured on it and described the portion which depicted his role in Henry’s arrest. The footage served to corroborate the testimony given by other witnesses which the State presented.
Bruce Stents, a forensic chemist employed by the North Louisiana Crime Lab, testified as an expert. On direct examina *430 tion, Stents identified State’s exhibit 2 as a substance sent to him in connection to Henry’s case which tested positive for cocaine. Stents also identified a report signed by him which listed the items submitted to the crime lab concerning Henry’s case.
Viewed in a light most favorable to the State, the evidence adduced at trial was sufficient to convict Henry of distribution of a controlled substance. The record reflects that Off. Robinson handed Henry money for crack cocaine. Off. Robinson witnessed Henry exchange the money for a bag containing crack cocaine. Henry then placed the bag near Off. Robinson’s car and Shenell Jones handed it to Off. Robinson. Immediately after the arrest, Off. Robinson handed the bag to Dep. Ashcraft who then |7submitted it to the North Louisiana Crime Lab to be tested. Bruce Stents, a crime lab technician analyzed the contents of the bag which revealed that it contained cocaine. Considering the testimony of the State’s witnesses, it was reasonable for the jury to conclude that Henry gave to Off. Robinson the same cocaine which was submitted into evidence at trial. Therefore, this assignment of error is without merit.

Discovery Violation

As Henry’s next assignment of error, he argues that the trial court erred by failing to grant his motion for a new trial. Henry claims that the State’s failure to provide discovery, specifically Off. Robinson’s report, in a timely manner prejudiced his ability to provide an adequate defense entitling him to a new trial. We disagree.
Louisiana C. Cr. P. art. 851, which addresses motions for new trial, states in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
[[Image here]]
(2) The court’s ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
⅜ sj: ⅜: ⅜ ⅜ ⅜
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
|sThe decision on a motion for new trial rests within the sound discretion of the trial court and will not be disturbed upon appeal absent a clear showing of abuse. State v. Horne, 28,327 (La.App. 2d Cir.08/21/96), 679 So.2d 953, writ denied, 96-2345 (La.02/21/97), 688 So.2d 521.
The state has a continuing duty to disclose additional evidence which it discovers or decides to use at trial. La. C. Cr. P. art. 729.3. When a party fails to comply with a discovery order, the court may grant a continuance, order a mistrial on the defendant’s motion, or exclude the withheld evidence, among other sanctions. La. C. Cr. P. art. 729.5. Not every discovery violation requires a sanction; in the absence of prejudice, sanctions are not imposed. State v. Quimby, 419 So.2d 951 (La.1982); State v. Powell, 598 So.2d 454 (La.App. 2d Cir.1992), unit denied, 605 So.2d 1089 (La.1992).
Here, the trial court did not abuse its discretion by denying Henry’s motion for a new trial based on the State’s late disclosure of Off. Robinson’s police report. Henry alleges that Off. Robinson’s report revealed that there were other police offi *431 cers involved in his arrest; however, he does not demonstrate how this fact prejudiced his ability to provide an adequate defense. Officer Robinson, Off. Flores, and Dep. Ashcraft gave corroborating testimony during Henry’s trial regarding his involvement with the sale of crack cocaine on October 16, 2009. Henry has failed to explain how the testimony of additional police officers would have produced a different result at his trial, or that he was prejudiced by the late production of Off. Robinson’s report.
|9Brady Violation
As his next assignment of error, Henry argues that Off. Robinson testified at trial to the existence of a list of the officers present when Henry was arrested and that the State’s failure to provided this list constituted a violation of the United States Supreme Court’s ruling in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Henry further argues that the State failed to give him the identity of a police officer who collected all the paperwork related to Henry’s case and, therefore, other documents may not have been disclosed.
Due process requires the disclosure of evidence that is both favorable to the accused and material either to guilt or punishment. Brady v. Maryland, supra. The Brady rule also requires the disclosure of evidence adversely affecting the credibility of government witnesses. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). When such information is not disclosed and it is material in that there is a reasonable probability that if the evidence had been disclosed the results of the trial would have been different, constitutional error occurs and the conviction must be reversed. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The question of materiality is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).
ImHere, Henry has not shown that the State failed to provide him with material evidence. Henry only alleges a speculative possibility that the list of police officers would contain exculpatory evidence. The State’s failure to provide the list of officers or the name of the officer who organized all the paper work in his case did not result in a verdict unworthy of confidence. Therefore, this assignment of error is without merit.

Jury Instructions

Next, Henry argues that the trial court erred by allowing for a non-unanimous verdict, which Henry claims is unconstitutional.
Statutes enumerating the number of jurors who must concur to reach a verdict in a felony case in which the punishment is necessarily confinement at hard labor do not violate the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution. State v. Bertrand, 2008-2215 (La.03/17/09), 6 So.3d 738.
Louisiana C. Cr. P. art. 782(A), which addresses the number of jurors that must concur to render a verdict states:
Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury com *432 posed of six jurors, all of whom must concur to render a verdict.
Here, Henry’s sentence required confinement at hard labor, and the trial court’s jury instructions allowed for 10 out of 12 jurors to render ajnguilty verdict as strictly required by the article. Therefore, the trial court properly stated that only 10 of the 12 jurors were needed to render a guilty verdict, and this assignment of error is without merit.

Excessive Sentence

As his final assignment of error, Henry argues that the trial court imposed an excessive sentence upon him. Henry asserts that under the circumstances of this case, a 50 year sentence is excessive and a violation of his constitutional rights. We disagree.
The test applied by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,-350 (La.App.2d Cir.08/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.09/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital | ^status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.09/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
Louisiana R.S. 15:529.1(A)(4), which addresses sentencing upon conviction of a fourth felony offense states, in pertinent part:
If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a' first conviction but in no event less than' *433 twenty years and not more than his natural life[.]
Distribution of schedule II controlled dangerous substance is punishable by a term of imprisonment at hard labor for not less than two years nor more 113than 30 years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence. In addition, a defendant may be sentenced to pay a fine of not more than $50,000. La. R.S. 40:967(B)(4)(b).
Here, the trial court adequately considered the criteria set forth in La. C. Cr. P. art. 894.1 and did not impose an excessive sentence. First, the record reflects that the trial court took into consideration the factors enumerated in La. C. Cr. P. art. 894.1. Specifically, the trial court noted that it had read a presentence investigation report which contained Henry’s substantial criminal record. The trial court stated that while Henry’s age, 54, might be considered a mitigating factor, there is little indication that Henry could be rehabilitated in light of the fact that he had one of the most extensive criminal records the trial court had ever seen-reflecting a life as a career criminal. Finally, the sentence imposed is not grossly out of proportion to the crime committed. The trial court had the discretion to sentence Henry to life imprisonment. Given his propensity to commit crimes, Henry’s sentence is appropriate. This assignment of error is without merit.

Error Patent

In our review of the record, we have discovered an error patent, because Henry’s sentence is illegally lenient. Louisiana R.S. 40:967(B)(4)(b), which sets forth the underlying sentence to be enhanced under La. R.S. 15:529.1, requires that the first two years of Henry’s sentence be served without the benefit of parole, probation, or suspension of [ ^sentence. The trial court omitted to include that his sentence was without benefit of parole. However, in instances where such restrictions are not recited at sentencing, La. R.S. 15:301.1(A) deems that those required statutory restrictions are contained in the sentence whether or not imposed by the sentencing court. State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790. Therefore, the first two years of Henry’s sentence must be served without the benefit of probation, parole, or suspension of sentence.
CONCLUSION
For the foregoing reasons, we affirm David Henry’s conviction, and, as amended, affirm his sentence.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.