Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,569-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                Appellee

versus

JEROL L. EWELL                                    Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 383,515

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: G. Paul Marx

JAMES E. STEWART, SR.                   Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
SENAE DENEAL HALL
Assistant District Attorneys

* * * * *

Before ROBINSON, HUNTER, and MARCOTTE, JJ.

HUNTER, J., dissents with written reasons.

**ROBINSON, J.**

Jerol L. Ewell ("Ewell") was charged with La. R.S. 14:64, armed robbery, and La. R.S. 14:95.1, felon in possession of a firearm, in connection with a robbery that took place on December 24, 2019, at a gas station in downtown Shreveport. Ewell was convicted of the responsive verdict of first degree robbery, and was found not guilty of felon in possession of a firearm, after a jury trial on July 12, 2022. Motions for acquittal and new trial were denied. Ewell was originally sentenced to 15 years at hard labor without benefits on September 28, 2022, and was subsequently adjudicated a third felony habitual offender on November 7, 2022. On December 1, 2022, the trial court set aside the original sentence and sentenced Ewell to 27 years at hard labor without benefits and with credit for time served. Ewell now appeals the conviction.

For the reasons set forth below, we AFFIRM the convictions.

## FACTS AND PROCEDURAL HISTORY

On December 24, 2019, at approximately 9:15 p.m., Sadi Awawdah ("Awawdah") was working behind the register at the Shell gas station located at 4749 North Market Street in Shreveport, when a masked man armed with a gun entered the store and demanded money. The robber took $400 from the register, as well as Awawdah's iPhone and $96 from Awawdah. Awawdah described the robber as a black male armed with a handgun and wearing a grey jacket, blue shirt, and black jeans, shoes, gloves, and ski mask. Another employee present during the robbery corroborated Awawdah's description. According to testimony of the

Shreveport Police Department ("SPD") officer investigating the scene,[1] surveillance video footage of the robbery showed the described person come from the south side of the business from behind a dumpster and enter the store after a customer left, point a handgun, take money from the register and Awawdah, take Awawdah's cell phone, then exit and run north on North Market. SPD Corporal Stephen Desselle and a canine officer went to the area where a Find My iPhone app showed Awawdah's iPhone "pinging" and located it in a field north of the gas station. Following the discovery of the phone, a canine area search resulted in the discovery of a ski mask in the same area. The phone was processed for fingerprinting, but no latent prints were found. The mask was submitted to the crime lab for DNA analysis.

Dr. Jennifer Esparza ("Dr. Esparza"), the DNA Technical Leader at the North Louisiana Criminalistics Laboratory, was accepted as an expert in forensic DNA analysis. Dr. Esparza tested the single-layer fleece mask by using a cutting from the nose area where it would have been breathed on and more likely to have rubbed against the wearer. From that cutting, a mixture of three individuals' DNA was obtained, including one major contributor and at least two minor contributors. The major contributor was more prevalent and allowed for development of a profile, whereas the DNA of the minor contributors was of such low concentration as to preclude development of a valid profile. Dr. Esparza explained that mixtures of DNA are more likely to be found on items of clothing, including masks, and that DNA is often transferred by washing clothing together. She testified that the major contributor profile led to an investigative lead from CODIS, the FBI's

---

[1] The surveillance video was not presented at trial because SPD Detective Belanger had purged it from his files prior to Ewell's identification in CODIS from the ski mask DNA.

Combined DNA Index System, which showed the profile to be consistent with Ewell's. Dr. Esparza tested the profile developed from the mask cutting to Ewell's reference samples and determined that the profiles were consistent.

Based on the DNA results, Ewell was arrested on June 11, 2021. A bill of information was filed on July 28, 2021, charging Ewell with armed robbery, La. R.S. 14:64. The bill was later amended to add a charge of felon in possession of a firearm, La. R.S. 14:95.1. Ewell waived formal arraignment and entered a plea of not guilty on September 27, 2021. A unanimous jury found Ewell guilty of the responsive verdict of first degree robbery, La. R.S. 14:64.1, and not guilty of felon in possession of a firearm, La. R.S. 14:95.1, on July 12, 2022. Motions for acquittal and new trial were denied and Ewell was sentenced to 15 years at hard labor without benefits on September 28, 2022. On November 7, 2022, the trial court adjudicated Ewell a third felony offender, and on December 1, 2022, after setting aside the original sentence, ordered Ewell to serve a sentence of 27 years at hard labor without benefits and with credit for time served. Ewell appeals the conviction.

## DISCUSSION

Ewell argues that the State failed to meet its burden of proof that Ewell committed an armed robbery of the convenience store on December 24, 2019, and only proved that DNA that is consistent with Ewell was one of three profiles present on a ski mask allegedly worn by the perpetrator. He claims that the evidence introduced at trial was insufficient to prove beyond a reasonable doubt that Ewell committed the robbery, when viewed under the *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560

(1979), standard. He asserts that the case is solely based on DNA evidence that made no link to the time and place of the robbery, noting that there had been no other evidence on the case for approximately five months following the robbery. Ewell emphasizes Dr. Esparza's testimony that the fact that Ewell was the major contributor of DNA did not prove that he was wearing the mask at the time of the crime.

Ewell cites *United States v. Beverly*, 750 F.2d 34 (6 Cir. 1984), in support of the argument that solely DNA at a crime scene is insufficient to prove identity at a certain time and place. In *Beverly*, the U.S. Sixth Circuit Court found that fingerprints on a gun in mere proximity of two men near a trash can was insufficient to prove that the defendant had constructive possession of the gun, when two subjects were standing on either side of a trash can. Ewell urges that the DNA evidence in this case only proves that *at some point* a person shed DNA on an item, and cannot prove that a ski mask found in a field after a robbery was worn by a person at that time and place; therefore, the evidence was insufficient in this case to prove identity, a necessary element of the crimes charged.

The State argues that Ewell's identity as the robber was proved by his DNA on the ski mask that was discarded along with Awawdah's iPhone in a field in close proximity to where the robbery took place, both of which were found immediately after the robbery. The DNA testing was from the mask's nose area where the robber would have most likely left detectable DNA. Although the DNA found was a combination of a major contributor and at least two minor contributors, the minor contributor DNA was of such low concentration that no valid profile could be obtained. The major contributor DNA from the mask was matched to Ewell through CODIS and confirmed

4

through subsequent testing against his reference samples. The State recognizes that Dr. Esparza could not say that Ewell wore the mask at the time of the robbery, but notes that the issue was for the jury to determine.

The State asserts that the jury made a rational decision to convict Ewell after weighing the evidence available. The jury reasonably inferred that the DNA of the major contributor would be that of the robber who last wore the mask and was likely breathing heavily onto it as he fled the robbery. It rejected as a reasonable hypothesis of innocence the theory that some unknown, minor contributor, whose DNA was not of sufficient concentration to develop a profile, may have worn the mask at the time of the robbery. The State notes its applicable burden of the proof is beyond reasonable doubt, not beyond all doubt, and the evidence satisfies the burden. It also urges that sufficiency of the evidence review does not permit the reviewing court to reweigh the evidence to second-guess the jury's determination.

The standard by which appellate courts are to review the sufficiency of evidence in criminal prosecutions is provided in *Jackson*, *supra*, as follows:

> A conviction must be based on proof sufficient for any rational trier of fact, when viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.

In conducting a *Jackson* review, the reviewing court may not substitute its own appreciation of the evidence for that of the trier of fact, assess the credibility of witnesses, or reweigh the evidence. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517; *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Nelson*, 44,762 (La. App. 2 Cir. 10/28/09), 25 So. 3d

5

905. A jury's decision to accept or reject the testimony of a witness in whole or in part is entitled to great deference. *State v. Eason*, 43,788 (La. App. 2 Cir. 2/25/09), 3 So. 3d 685, *writ denied*, 09-0725 (La. 12/11/09), 23 So. 3d. 913, *cert. denied*, 561 U.S. 1013, 130 S. Ct. 3472 (2010). The fact-finder weighs the respective credibility of the witnesses, and appellate courts will generally not second-guess those determinations. *State v. Dabney*, 02-0934 (La. 4/9/03), 842 So. 2d 326; *State ex rel. Graffagnino v. King*, 436 So. 2d 559 (La. 1983). On appellate review, the court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of events, but instead must evaluate the evidence in a light most favorable to the State and determine whether the possible hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. *State v. Mitchell*, 99-3342, (La. 10/17/00), 772 So. 2d 78.

The *Jackson* standard applies in cases involving both direct and circumstantial evidence. *State v. Sutton*, 436 So. 2d 471 (La. 1983); *State v. Prude*, 53,193 (La. App. 2 Cir. 3/4/20), 293 So. 3d 183; *State v. Hill*, 47,568 (La. App. 2 Cir. 9/26/12), 106 So. 3d 617; *State v. Henry*, 47,323 (La. App. 2 Cir. 7/25/12), 103 So. 3d 424, *writ denied*, 2012-1917 (La. 3/8/13), 109 So. 3d 356; *State v. Williams*, 33,881 (La. App. 2 Cir. 9/27/00), 768 So. 2d 728, *writ denied*, 00-3099 (La. 10/5/01), 798 So. 2d 963. The facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. *Sutton*, *supra*; *State v. Taylor*, 28,736 (La. App. 2 Cir. 10/30/96), 682 So. 2d 827. If a case rests essentially upon

circumstantial evidence, that evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438; *State v. Young*, 20-1041 (La. 5/13/21), 320 So. 3d 356; *State v. Alexander*, 53,440 (La. App. 2 Cir. 11/18/20), 306 So. 3d 594, *writ denied*, 20-01449 (La. 6/22/22), 339 So. 3d 642. The circumstantial evidence rule is neither separate from nor stricter than the *Jackson* standard of review. *Taylor*, *supra*. When the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. *State v. Hughes*, 05-0992 (La. 11/29/06), 943 So. 2d 1047; *State v. White*, 17-308 (La. App. 1 Cir. 9/15/17), 228 So. 3d 213; *State v. Jefferson*, 47,009 (La. App. 2 Cir. 3/7/12), 91 So. 3d 1007, *writ denied*, 12-0751 (La. 11/2/12), 99 So. 3d 661.

Here, the key issue is Ewell's identity as the perpetrator rather than whether the crime was committed, and the State is required to negate any reasonable probability of misidentification. The State offered several pieces of evidence that identified Ewell as the robber. He fits the general description provided by the victim. His DNA is a match to the *sole*, "major contributor" DNA found on the ski mask that was previously described by the victim and seen on the surveillance footage. The ski mask was found just north of the gas station, the direction in which the perpetrator fled, immediately following the robbery. The ski mask was also in the same field as Awawdah's phone that had just been stolen during the robbery, and was located by a tracking canine during an area search after the canine officer had picked up a scent from the phone. The totality of such evidence excludes every reasonable hypothesis of innocence and negates any

7

reasonable probability of misidentification, proving Ewell as the perpetrator of the December 24, 2019, robbery.

The jury acted in a rational decision-making process, excluding every reasonable hypothesis of innocence to find Ewell guilty of the responsive verdict of first degree robbery. In reviewing the evidence in the light most favorable to the prosecution, this Court finds that any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime of first degree robbery.

## CONCLUSION

For the foregoing reasons, this Court AFFIRMS Ewell's conviction of first degree robbery.

**AFFIRMED.**

**HUNTER, J., dissenting.**

I dissent from the majority's conclusion the evidence was sufficient to support defendant's conviction for first degree robbery.

Witnesses reported a "black male" wearing a "ski mask" robbed a convenience store and discarded the employee's cellphone in a nearby field. A ski mask was also discovered in the same area. A mixture of DNA from *three* contributors (one major contributor, and two minor contributors) was found on the ski mask. The sole evidence linking defendant to the crime was the presence of his DNA on the mask found in the field.

Although defendant's DNA was discovered on the mask found in the field, I do not believe the physical evidence was sufficient to tie defendant to the crime because the State failed to prove the mask found in the field was the same mask worn by the robber. Additionally, Dr. Jessica Esparza testified there were "at least three" contributors of DNA on the mask, and defendant was the "most prevalent individual." During cross-examination, Dr. Esparza testified she was unable to determine whether the DNA from the other contributors was from a male or female because "there [are] so many contributors." She also admitted there was no way to determine who wore the mask on the day of the robbery.

The store clerk provided a vague description of the robber, *i.e.*, "black male" and a description of the person's clothing, without providing any specific details, such as height or weight. Further, there was no corroborating audio or video evidence from the store or elsewhere, and investigating officers made no attempt to examine the convenience clerk's cell phone for fingerprint or DNA evidence. The sole piece of evidence

used to convict defendant was the DNA found on the ski mask, and during its oral argument before this Court, the State admitted as much.

While the trier of fact in a criminal case is afforded deference in making credibility determinations regarding witness testimony, this deference is limited by the bounds of rationality. *State v. Hoffman*, 20-00137 (La. 10/19/21), 326 So. 3d 232. While "the court is not to substitute its judgment of what the verdict should be for that of the jury, . . . at the same time the jury cannot be permitted to speculate if the evidence is such that reasonable jurors must have a reasonable doubt." *State v. Mussall*, 523 So. 2d 1305, 1311 (La. 1988).

While any jury ***could*** conclude DNA on a mask found in a field serves as one of the factors in a criminal conviction, in this instance, it fails to meet any minimal threshold as the sole basis for a conviction. Viewing this evidence in the light most favorable to the prosecution fails to garner and meet the minimum requirements for "beyond a reasonable doubt." Nor do I believe the evidence even meets the threshold for clear and convincing or preponderance of evidence. Accordingly, in the interests of access to court and judicial efficiency, I would vacate defendant's conviction and sentence, immediately remand the accused defendant to the local jail/prison to engage with counsel, and order the lower court to prepare a timeline for prosecution with all parties.