DREW, J.
 

 |! Randall Wayne Rockett pled guilty to DWI, fourth offense, and was sentenced to 25 years at hard labor. He now appeals his sentence. We affirm in all respects.
 

 FACTS
 

 On November 4, 2009, a hit-and-run occurred on East Texas Street in Bossier
 
 *1032
 
 City. A dark colored S-10 pickup truck
 
 [1]
 
 swerved into the wrong lane, struck a car on the passenger side, and left the scene. The victims called police via cell phone and followed the truck for several blocks until it was located by police.
 

 Defendant’s speech was slurred and he smelled of liquor. During a frisk, a bottle of whiskey was found on him. He was arrested for DWI, hit and run, resisting an officer, and open container violation. To subdue him, the officers had to use physical force and chemical spray. He refused to participate in any field sobriety tests.
 

 To avoid facing habitual offender charges, Rockett pled guilty as charged to DWI, fourth offense,
 
 [2]
 
 in violation of La. R.S. 14:98(E). The bill noted three previous convictions.
 
 [3]
 
 The court ordered a pre-sentence investigation (“PSI”).
 

 |;>At sentencing, the court carefully reviewed the PSI, which outlined Rockett’s criminal history, noting that this was actually at least his seventh DWI conviction.
 

 Other convictions included simple battery, criminal trespass, disturbing the peace, and issuing worthless checks. On his previous DWI convictions, Rockett had usually received leniency. He often violated his probation or parole by continuing to drive under the influence, as was the case here.
 

 At sentencing, the court found that:
 

 • no mitigating factors existed;
 

 • Rockett was a danger to himself and to the general public;
 

 • he would likely commit another crime if allowed probation; and
 

 • a lesser sentence would deprecate the seriousness of this crime.
 
 [4]
 

 The defendant filed a motion to reconsider sentence, alleging the excessiveness of his sentence. He also filed a
 
 pro se
 
 “Motion For Order For Substance Abuse Rehabilitation Program.” Both motions were denied.
 

 The defendant assigns two related matters as errors by the trial court:
 

 • inadequate consideration of La. C. Cr. P. art. 894.1, and
 

 • the unconstitutionality and excessiveness of this sentence.
 

 Defendant argues that:
 

 • the trial court failed to explore substance abuse treatment options;
 

 | ⅞* the court failed to consider defendant’s age and the fact that there was no injury or major damage from the accident; and
 

 • this sentence was nothing more than needless infliction of pain and suffering.
 

 Unsurprisingly, the state disagrees.
 

 Our law on the review of sentences is well settled.
 
 [5]
 

 
 *1033
 
 The court adequately considered the PSI and the factors of La. C. Cr. P. art. 894.1. Defendant is a dangerous recidivist. Sadly, his recent
 
 pro se
 
 motion is his only known request for substance abuse treatment, despite his lengthy criminal record, almost all of which involved alcohol.
 

 | defendant’s exposure was from 10 to 30 years with or without hard labor. This midrange sentence of 25 years at hard labor is neither disproportionate, nor is it shocking to the sense of justice. Considering this man’s horrific record, the trial court certainly did not abuse its discretion.
 

 We note two errors patent in this record. We decline to take action on either.
 
 [6]
 

 DECREE
 

 The defendant’s conviction and sentence are AFFIRMED.
 

 [1]
 

 . The cell phone report was that the truck was being operated by a white male, wearing glasses and a multi-colored shirt, on East Texas Street (U.S. Highway 80) in Bossier City, a description matching that of the defendant.
 

 [2]
 

 . The state dismissed all other pending charges.
 

 [3]
 

 . May 13, 1998, DWI, in the Twenty-Sixth JDC, Docket No. 88,435; June 31, 2001, DWI, in the Twenty-Sixth JDC, Docket No. 108,087; and February 14, 2002, DWI, in the First JDC, Docket No. 216,977.
 

 [4]
 

 . The sentence was ordered to be served consecutively with any other sentence.
 

 [5]
 

 . An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or miti
 
 *1033
 
 gating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267,
 
 writ denied,
 
 2008-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, the court must examine whether the sentence is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379.
 

 A trial court has broad discretion to sentence within the statutory limits.
 
 State
 
 v.
 
 Dunn,
 
 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641;
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive.
 
 Id.
 

 [6]
 

 . Pursuant to La. R.S. 14:98(E)(l)(a), as it read on the date of the crime, 75 days of the sentence was required to have been imposed without benefits. In this case, the court failed to do so. The mandatory "without benefits” portion of the sentence will automatically be required. La. R.S. 15:301.1(A);
 
 see State v. Williams,
 
 2000-1725 (La.11/28/01), 800 So.2d 790.
 

 Also, the trial court did not impose the statutorily mandated $5,000 fine, resulting in Rockett’s sentence actually being illegally lenient. We could correct the sentence, but we are not required to do so.
 
 State v. Griffin,
 
 41,946 (La.App.2d Cir.5/2/07), 956 So.2d 199. The state has not objected to the error and Rockett is certainly not prejudiced in any way by the trial court’s failure to impose a fine.