STEWART, J.
 

 11The defendant, Anthony D. Johnson, pled guilty to one count of driving while intoxicated, fourth offense, and was sentenced to 25 years at hard labor. The defendant now appeals, raising one excessive sentence claim. We affirm.
 

 FACTS
 

 Early in the chilly, morning hours of December 12, 2009, the defendant operated his motor vehicle on Highway 3 at 65 miles per hour in a 45 mile per hour zone, passed a tractor-trailer rig in a no-passing zone, and was pulled over by a Plain Dealing police office. Upon contact with the defendant, the officer detected an odor of alcohol and slurred speech. He then asked the defendant to exit his truck.
 

 Johnson could not walk without holding himself onto the side of his truck. The officer noted his extremely impaired state and asked him whether he had consumed alcoholic beverages prior to driving, upon which the defendant readily admitted, “You got me. I’m drunk.”
 

 The defendant failed the following field sobriety tests: the horizontal gaze nystag-mus test, the walk and turn test, and the one-legged stand test. He was Miran-dized, arrested, and transported to the Bossier Parish Jail where he refused the Intoxilyzer 5000 breath test. An empty container of suspected beer was seized and sent to the North Louisiana Criminalistics Laboratory for testing; it tested to have contained “3.8 percent by volume percentage ethyl alcohol.”
 

 On February 3, 2010, the defendant was charged by a bill of information with the crime of driving while intoxicated fourth offense, a ^violation of La. R.S. 14:98(E), passing in a no-passing zone, speeding, and driving under suspension. On February 9, 2010, he waived formal arraignment and pled not guilty. The bill of information was amended on March 26, 2010, and he again waived formal arraignment and pled not guilty.
 

 On May 18, 2010, while represented by counsel, the defendant withdrew his not guilty plea and entered a plea of guilty as charged to driving while intoxicated fourth offense. In exchange, the state agreed not to file a habitual offender bill. The trial court advised the defendant of his constitutional rights and determined that he knowingly and intelligently waived those rights.
 

 During the recitation of the factual basis for the guilty plea, the state related that the defendant had previously been convicted of DWI on three separate occasions within the 10 years preceding the instant offense. After the defendant indicated that the facts recited by the state were correct, the trial court accepted Johnson’s guilty plea, and the state indicated that other pending charges would be
 
 nolle prossed.
 
 The trial court ordered a presen-tence investigation (“PSI”) report.
 

 The defendant appeared on September 21, 2010, for sentencing. In imposing the sentence, the trial court reviewed the PSI along with the facts of the crime as well as the defendant’s personal history, age (51), and physical illnesses (esophagus and liver damage, high blood pressure).
 

 |sThe PSI revealed the defendant’s extensive criminal history which, in addition to the three DWI convictions that served as predicates to the instant conviction, included another conviction for DWI, fourth offense in 1999. Starting in 1976, he had also been convicted in various jurisdictions
 
 *1100
 
 around the country of the following: second degree larceny; attempt to commit assault on a police officer; larceny of a motor vehicle; auto theft; possession of a firearm by a convicted felon; burglary and felony property damage.
 

 Emphasizing the danger the defendant posed to society as evidenced by his recidivist DWI history and opining that any lesser sentence would deprecate the seriousness of the offense, the court sentenced the defendant to 25 years at hard labor to run consecutive with any other sentence. The trial court concluded his admonishment by stating, “The problem for you Mr. Johnson, is that you chose the wrong parish to get number eight in.”
 

 On November 12, 2010, the defendant filed a
 
 pro se
 
 “Motion for Order For Substance Abuse Rehabilitation Program.” The trial court denied the
 
 pro se
 
 motion as well as a motion for reconsideration filed by counsel. The defendant now appeals his sentence as excessive.
 

 DISCUSSION
 

 The defendant contends that the 25-year sentence at hard labor is constitutionally excessive. He notes that he complied with field sobriety tests and admitted being drunk. He argues that considering his age (51) and poor health, the 25-year sentence is essentially a life sentence.
 

 The state counters that the trial court took notice of the statutory criteria set forth in La. C. Cr. P. art. 894.1 and articulated a factual basis for |4the sentence. Specifically, they assert that the sentence was based on the circumstances of the offense.
 

 In 2009, the year of the offense, La. R.S. 14:98(E)(l)(a) provided in pertinent part:
 

 Except as otherwise provided in Sub-paragraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Seventy-five days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time not to exceed five years, which probation shall commence on the day after the offender’s release from custody.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged: first, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 2008-2341 (La.5/15/09), 8 So.3d 581.
 

 The trial court judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La|1983);5
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08),
 
 *1101
 
 978 So.2d 297. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/18/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La. App.2d Cir.8/13/08), 989 So.2d 267.
 

 Second, a sentence violates La. Const. Art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La. 1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 |6A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 writ denied,
 
 2004-0597 (La.9/24/04), 882 So.2d 1165.
 

 In considering the facts of the case and the recidivism of the defendant, the 25-year sentence is not unconstitutionally excessive. Although there is no requirement that specific matters be given any particular weight at sentencing, the trial court did consider the mitigating and aggravating circumstances of Art. 894.1. The trial court fully explained its reasons for the sentence, in particular the potential danger to society posed by a lesser sentence for this defendant with a proven record of recidivism. It is notable that the defendant was on parole from a prior DWI conviction when he was arrested for the present offense. The additional charges he incurred, including driving under a suspended license, speeding, and improper passing, were
 
 nolle grossed
 
 as part of the plea agreement. |7The state also agreed not to seek a habitual offender adjudication. Accordingly, the defendant received a significant benefit for his guilty plea. Moreover, as pointed out by the state, there is no indication that the defendant has ever sought out a treatment program despite considerable substance abuse-related troubles over the years.
 

 In 2009, the maximum sentence pursuant to La. R.S. 14:98(E)(1) was 30 years’ imprisonment. Here, the defendant is a sixth felony offender with a criminal histo
 
 *1102
 
 ry beginning in 1976, and this is his 5th DWI conviction. Based on the number and severity of the crimes committed, the sentence imposed does not shock the sense of justice, is not grossly out of proportion to the seriousness of the offense, and does not needlessly inflict pain and suffering. We find that the trial court did not abuse its considerable discretion in sentencing the defendant to 25 years’ imprisonment, rather than imposing a lesser or suspended sentence.
 

 Our error patent review indicates that at sentencing, the trial court failed to specify that 75 days of the sentence of imprisonment shall be imposed without benefit of parole, probation or suspension of sentence pursuant to La. R.S. 14:98(E)(1)(a). When the district court fails to order service of sentence without benefits but a determinate time period to be so served is statutorily mandated, the sentence is to automatically be served without benefits for the required time period. La. R.S. 15:301.1(A);
 
 State v. Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790;
 
 State v. Coleman,
 
 42,128 (La.App.2d Cir.6/20/07), 961 So.2d 579. Accordingly, by operation of | slaw, the defendant’s sentence under La. R.S. 14:98(E)(l)(a) is to be served without benefits for 75 days.
 

 CONCLUSION
 

 For the reasons stated, we affirm the defendant’s conviction and sentence.
 

 AFFIRMED.