STATE OF LOUISIANA

VERSUS

RENE FUENTES

NO. 23-KA-502

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 20,330, DIVISION "D"
HONORABLE M. LAUREN LEMMON, JUDGE PRESIDING

July 31, 2024

**AMANDA L. CALOGERO**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Amanda L. Calogero, Pro Tempore

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS**
    **ALC**
    **SJW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUß RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Joel T. Chaisson, II
     Louis G. Authement

COUNSEL FOR DEFENDANT/APPELLANT,
RENE FUENTES
     Lieu T. Vo Clark

**CALOGERO, PRO TEMPORE, J.**

Defendant, Rene Fuentes, seeks review of his sentence for his conviction for fourth offense driving while intoxicated (DWI). For the following reasons, we affirm defendant's sentence. However, we remand the matter for correction of errors patent.

**PROCEDURAL HISTORY**

This is defendant's second appeal. Defendant was charged by bill of information with driving a vehicle while intoxicated (DWI) subsequent to a fourth offense, in violation of La. R.S. 14:98. He initially pled not guilty but later withdrew his not guilty plea and entered a plea of guilty while reserving his right to appeal the trial court's denial of his motion to suppress as permitted by *State v. Crosby*, 338 So.2d 584, 588 (La. 1976). Additionally, he reserved his right to appeal his sentence as being excessive. *State v. Fuentes*, 22-89 (La. App. 5 Cir. 11/2/22), 353 So.3d 911, 913.

> At the sentencing hearing, the trial court ordered defendant to serve 30 years with the Department of Corrections, suspending 10 years "to run consecutive to the revocations in 2 other matters, which I understand that you're backing up 9 years, and you'll do substantially less than that, based on the Department of Corrections guidelines." The trial court further imposed five years of home incarceration with a SCRAM bracelet after defendant was released. As conditions of his home incarceration and probation, the court required defendant to undergo a substance abuse evaluation, granted him permission to attend substance abuse treatment, and imposed a ban on all alcohol or drugs without a prescription. The court also suspended the mandatory fine of $5,000 and suspended any requirement to perform community service. Finally, the court ordered defendant to be assessed for drug court upon his release or inpatient treatment. The sentencing Minute Entry also indicated that defendant would be allowed to go to work and doctors' appointments, in addition to attending substance abuse treatment.

*Fuentes*, 353 So.3d at 914-15.

Counsel for defendant filed a motion to reconsider sentence, which the trial court denied. Defendant then appealed regarding the denial of the motion to suppress, asserted that the trial court erred in denying his motion to reconsider

1

sentence, and contended that the sentence was unconstitutionally excessive. *Id*. at 915. On appeal, this Court found that based on the totality of the evidence, the trial court did not abuse its discretion in denying defendant's motion to suppress. This Court further found errors patent that pretermitted a discussion of defendant's sentencing assignments of error. *Id*. at 918. This Court explained that the trial court sentenced defendant pursuant to the wrong provision of La. R.S. 14:98.4. This Court stated that although it was not specifically enunciated, the judge appeared to have sentenced defendant pursuant to La. R.S. 14:98.4(A) rather than La. R.S. 14:98.4(C). Due to this error in sentencing, this Court vacated defendant's sentence and remanded the matter for resentencing. *Id*. at 918-19.

On March 23, 2023, defendant was resentenced to twenty-seven years imprisonment with the Department of Corrections, and defense counsel objected. A Motion to Reconsider Sentence was filed and denied. Thereafter, a motion for appeal was filed and granted.

## FACTS

The underlying facts were set forth in this Court's first opinion:

On June 20, 2020, law enforcement received a call from a Popeye's Restaurant in Destrehan reporting that someone driving a light-colored Buick SUV allegedly fell asleep in the drive-thru line. After arriving at the Popeye's and determining that the vehicle had departed up River Road, deputies eventually located a vehicle meeting the description, followed it, and, after allegedly seeing the vehicle swerve toward the center line at least twice, pulled over the driver, who denied being intoxicated.

The deputies did not issue a citation for any moving violation. They asked defendant to perform field sobriety tests, however, for which he performed poorly.

*Fuentes*, 353 So.3d at 913.

## DISCUSSION

Defendant avers that his sentence is excessive. He explains that the State offered and he agreed to a plea agreement but that the judge would not accept it.

2

Defendant asserts that the sentence imposed on remand increased his period of incarceration by seven years. He contends that the judge did not order a pre-sentence investigation (PSI) and did not consider in mitigation that he completed several programs while incarcerated. Also, defendant argues that the circumstances do not merit a near maximum sentence. He says that a long sentence of imprisonment imposes an excessive hardship on him because he is sixty-three years old.

The State argues that defendant's record of DWI offenses justifies the sentence imposed. The State explains that the judge found that defendant was not eligible for the plea offer. The State asserts further that the judge considered defendant's history of as least twelve DWI arrests over his lifetime, as well as other sentencing considerations. The State concludes that the sentence is not excessive.

On March 29, 2021, prior to the guilty plea colloquy and original sentence, the parties and the judge discussed a plea offer. The judge explained that drug court would not accept defendant because there were "two revocation or probation holds on his priors, where he's going to be doing nine years in prison." After further discussion with defense counsel about the offer, the judge stated she thought it was defendant's twelfth conviction or arrest.

That same day, after defendant pled guilty and was sentenced, defense counsel objected to the sentence. The judge explained that she spent a long time thoughtfully considering the sentence, and she held concern that defendant was a danger to himself and others based on his lengthy DWI and criminal history. A motion to reconsider that sentence was denied.

As previously explained, this Court ultimately vacated that original sentence and remanded the matter for resentencing. At a hearing on February 9, 2023, resentencing was continued to a later date, but defense counsel introduced into

evidence for consideration "various certificates of merit or certificates of completion or graduation certificates regarding numerous programs that Mr. Fuentes has completed and achieved success[.]"

On March 23, 2023, defense counsel recalled that she introduced approximately a dozen certificates of achievement at the last hearing and stated that defendant was ready to proceed. The judge said, "Based on the work you have done while in custody, I'm going to sentence you to 27 years with the Department of Corrections." Defense counsel objected to the sentence and contended that the sentence was "unconstitutionally excessive." The judge explained, "It's based on his history and how many DWIs he's had on his rap sheet." The judge said that she found defendant to be a danger to the community. Defense counsel provided that she would file a motion to reconsider. Counsel then pointed out that the twenty-seven-year sentence was seven years in custody longer than the original sentence.

At the outset, La. C.Cr.P. art. 881.1(B) provides that a motion for reconsideration of sentence "shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based." La. C.Cr.P. art. 881.1(E) provides that "failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."

A Motion to Reconsider Sentence was filed after defendant was resentenced. In that motion, defense counsel requested that the sentence be reconsidered because it was imposed without considering mitigating circumstances and because the sentence was excessive. Counsel stated that when defendant was resentenced, the judge imposed a longer sentence without any explanation. She provided that

4

the judge only considered aggravating factors. Counsel contended that the sentence would have been significantly less harsh had the mitigating circumstances been accorded some weight. She provided the following mitigating circumstances: defendant did not harm anyone; defendant suffers from alcoholism, substance abuse disorder, and bipolar disorder; defendant went four years without being charged with a DWI; this incident occurred during a pandemic; defendant never benefited from intensive long term treatment; the sentence is an excessive hardship considering defendant's age and that he is in poor mental and physical health; and defendant made great strides at self-improvement. Counsel averred that the sentence was grossly disproportionate to the offense.

At a hearing on the motion to reconsider sentence, the judge stated, "The sentencing is set a number of times and the mitigating factors were introduced into the record. I reviewed all of them. I believe I even commended Mr. Fuentes for some of the certificates he received while incarcerated." The judge stated she considered all of the factors in his sentence and denied the motion. Defense counsel objected.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Article I, § 20 of the Louisiana Constitution also prohibits cruel and unusual punishment but further explicitly prohibits excessive punishment. *State v. Diaz*, 20-381 (La. App. 5 Cir. 11/17/21), 331 So.3d 500, 519, *writ denied*, 21-1967 (La. 4/5/22), 335 So.3d 836. A sentence is unconstitutionally excessive, even when it is within the applicable statutory range, if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. *State v. Bourgeois*, 22-418 (La. App. 5 Cir. 4/26/23), 361 So.3d 1138, 1147. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it

5

shocks the sense of justice. *State v. Johnson*, 22-300 (La. App. 5 Cir. 8/9/23), 370 So.3d 140, 146.

A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion when imposing a sentence. *Diaz*, 331 So.3d at 519-20. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. *Id.* at 520. The review of sentences under La. Const. Art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case. *State v. Corea-Calero*, 22-117 (La. App. 5 Cir. 12/28/22), 355 So.3d 697, 701. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D); *Corea-Calero*, *supra*. A reviewing court may not set a sentence aside absent a manifest abuse of discretion. *State v. Jones*, 22-527 (La. App. 5 Cir. 5/24/23), 366 So.3d 821, 829.

In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. *State v. Lasalle*, 22-577 (La. App. 5 Cir. 8/18/23), 370 So.3d 521, 532. However, there is no requirement that specific matters be given any particular weight at sentencing. *Id.*

Here, defendant pled guilty to a fourth offense DWI in violation of La. R.S. 14:98(A)(1).[1] In *Fuentes*, 353 So.3d 911, this Court found that defendant was to be sentenced pursuant to La. R.S. 14:98.4(C), which provides in part:

---

[1] La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. Because no specific sentence was agreed upon in the plea agreement and no sentencing cap was set, defendant is not precluded from seeking review of his sentence. *See State v. Morales*, 12-21 (La. App. 5 Cir. 10/30/12), 102 So.3d 1038, 1041.

Further, in *State v. Singleton*, 614 So.2d 1242 (La. 1993) (*per curiam*), the Louisiana Supreme Court held that a defendant who objected to the excessiveness of his sentence at the time of his guilty plea and specifically

6

> If the offender has previously received the benefit of parole, probation, or suspension of sentence on a conviction of a fourth or subsequent offense violation of R.S. 14:98, then on a subsequent conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be fined five thousand dollars and imprisoned at hard labor for not less than ten nor more than thirty years.

Because defendant previously received the benefit of parole, probation, or suspension of sentence on a conviction of a fourth or subsequent DWI, he was resentenced to twenty-seven years imprisonment with the Department of Corrections.

We first consider the nature of the crime as well as the nature and background of the offender. The bill of information references DWI convictions in January and August of 2003, February and March of 2005, and August of 2010. The record suggests that defendant had additional DWI convictions and that he had fifteen previous DWI arrests since 1985. Prior to the guilty plea colloquy, the judge stated she thought it was defendant's twelfth conviction or arrest. Also, defendant was on parole at the time of the instant offense. As such, defendant has a record of recidivism indicative of a strong disregard for the sentences previously imposed and a lack of concern of the dangerous impact his behavior has on others.

While defendant argues that the judge did not consider the certificates of achievements in imposing the sentence, we find that the judge's statement at sentencing proves otherwise. Further, when addressing the motion to reconsider, the judge explained that she reviewed all of the certificates. At sentencing, the judge considered defendant's criminal history. The judge repeatedly found defendant to be a danger to the community.

---

reserved appellate review of his sentence as part of his plea under *Crosby*, was entitled to a review of the merits of his sentencing claims. The supreme court explained that denial of appellate review of the defendant's sentence would jeopardize the voluntariness of his plea. As such, defendant's argument is properly before this Court.

7

Next, we consider similar sentences imposed by this Court and other courts. Sentences of twenty-five years imprisonment have been upheld for fourth offense DWIs such as the instant offense when the defendants had extensive histories of driving while intoxicated. *See State v. Dufrene*, 12-716 (La. App. 5 Cir. 4/10/13), 115 So.3d 22 (where the defendant had five prior DWI convictions); *State v. Traylor*, 51,901 (La. App. 2 Cir. 2/28/18), 246 So.3d 665, *writ denied*, 18-493 (La. 2/11/19), 263 So.3d 893 (where the defendant had seven prior arrests and at least six prior convictions for DWIs); *State v. Rockett*, 46,404 (La. App. 2 Cir. 6/22/11), 71 So.3d 1030 (where the defendant had at least seven prior DWI convictions); *State v. Davis*, 588 So.2d 1234 (La. App. 1 Cir. 1991) (where the defendant had eight prior DWI convictions). *See also State v. Johnson*, 46,405 (La. App. 2 Cir. 8/10/11), 70 So.3d 1097; *State v. Wiltcher*, 41,981 (La. App. 2 Cir. 5/9/07), 956 So.2d 769.

Additionally, in *Davis*, 588 So.2d 1234, the defendant pled guilty to a fourth-offense DWI and was sentenced to imprisonment at hard labor for twenty-five years. At a hearing before resentencing, a correctional center employee testified that in the preceding months, the defendant had not given him any problems and that the defendant was an "extremely model prisoner." The defendant testified that he had been convicted of DWI eight times over an approximate eight-year period. In its reasons for sentencing, the trial court mentioned that the defendant was arrested for this offense approximately two weeks after he began serving a probationary sentence for a third offense DWI conviction. The first circuit concluded that the sentence was not excessive. *Id*. at 1238.

In *Wiltcher*, 956 So.2d at 779, the court affirmed a twenty-five-year sentence imposed without benefit of probation or suspension of sentence for a DWI fourth offender. The trial court explained that the defendant's criminal history dated back

8

more than twenty years and that he was on probation for three DWI convictions at the time of his arrest. The court found that the judge did not abuse his sentencing discretion. *Id.*

In *Johnson*, 70 So.3d 1097, the trial court sentenced the defendant to twenty-five years imprisonment at hard labor following a plea of guilty to fourth offense DWI. On appeal, the defendant argued in part that considering he was fifty-one years old and in poor health, the sentence was essentially for life. The appellate court provided that the defendant was on parole from a prior DWI conviction when he was arrested for the present offense. The defendant was a sixth-felony offender, and this was his fifth DWI conviction. The second circuit upheld the sentence. *Id.*

In the instant matter, in light of defendant's extensive history of driving while intoxicated and considering that this Court and other courts have upheld similar sentences, we find that defendant's sentence is not unconstitutionally excessive. Further, while defendant received a near-maximum term of imprisonment, he also received an illegally-lenient sentence as the judge did not impose the mandatory fine. Additionally, defendant was on probation at the time of this offense. While defendant alludes that the judge did not give sufficient weight to his certificates of completion, as previously stated, there is no requirement that specific matters be given any particular weight at sentencing. The record supports the sentence imposed.

Further, defendant posits that the judge imposed a longer term of imprisonment upon resentencing. Defendant was originally sentenced to thirty years imprisonment with ten of those years suspended. The fine was also suspended, and defendant was given five years of home incarceration after his release. Upon resentencing, the judge sentenced defendant to twenty-seven years imprisonment. Practically speaking, the sentence imposed after his first appeal increased the period of incarceration by seven years.

However, the first sentence was illegal, and defendant was not entitled to have any portion of the sentence suspended. Additionally, while the statutory sentencing range for both subsections is the same, the subsection defendant was properly sentenced under was intended to impose a harsher sentence. La. R.S. 14:98.4(C) applies if the offender has already received the benefit of parole, probation, or suspension of sentence. The current sentence is still beneficial to defendant in that the mandatory fine and maximum term of imprisonment were not imposed. Also, once defendant is released, unlike his original sentence, he will not be on home incarceration. Given the original sentence was not legal and that the two sentences are not comparable, we find that defendant's argument that the new sentence is longer and, therefore, excessive lacks merit.

Additionally, while defendant mentions that the judge did not order a PSI, the law does not provide a defendant with an absolute right to a PSI report. Rather, a PSI report is an aid to the trial court and is ordered at its discretion. *See* La. C.Cr.P. art. 875; *State v. Ervin*, 23-11 (La. App. 5 Cir. 8/30/23), 370 So.3d 1236, 1247, *writ denied*, 23-1336 (La. 4/9/24), 382 So.3d 816. For the above reasons, we conclude that the assignment of error lacks merit.

## ERRORS PATENT REVIEW

The record was reviewed for errors patent according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).

La. R.S. 14:98.4(C) provides:

> If the offender has previously received the benefit of parole, probation, or suspension of sentence on a conviction of a fourth or subsequent offense violation of R.S. 14:98, then on a subsequent conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be fined five thousand dollars and imprisoned at hard labor for not less than ten nor more than thirty years. No part of the sentence shall be imposed with benefit of parole, probation, or suspension of

10

sentence, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.

There are two errors with the sentence. First, the mandatory fine of five thousand dollars was not imposed. Here, defendant is represented by the Louisiana Appellate Project, which represents indigent defendants in non-capital felony cases. Therefore, due to defendant's indigent status, we decline to remand this matter for imposition of the mandatory fine. *See State v. Woods*, 23-41 (La. App. 5 Cir. 11/15/23), 376 So.3d 1144; *State v. Fisher*, 19-488 (La. App. 5 Cir. 6/24/20), 299 So.3d 1238, 1249.

Additionally, the judge failed to restrict benefits for the entirety of the sentence. When a district court does not mention the restriction of benefits, such conditions are deemed to exist by operation of law under La. R.S. 15:301.1. *Bourgeois*, 361 So.3d at 1151 (citing *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, 799).

The uniform commitment order (UCO) also contains an error. The UCO reflects that the box stating, "Recommended for Substance Use Disorder Treatment Screening" was checked. However, the sentencing transcript does not reflect such a recommendation.

In light of the discrepancy, we remand for correction of the UCO to reflect the sentence as reflected in the transcript regarding the lack of recommendation for substance use disorder treatment screening and to reflect the restriction of benefits as previously addressed. Also, we direct the Clerk of Court for the 29th Judicial District Court to transmit the original of the corrected UCO to the institution to which defendant has been sentenced and to the Department of Corrections' legal department. *See State v. Breaux*, 22-535 (La. App. 5 Cir. 4/26/23), 362 So.3d 1020, 1026-27.

11

Finally, the sentencing transcript reflects that the judge advised, "There's a two-year time limitation to file any postconviction relief. That time period begins to run once all appellate delays run and this conviction becomes final." This is an incomplete advisal. *See State v. Hicks*, 16-462 (La. App. 5 Cir. 2/8/17), 213 So.3d 458, 469, *writ denied*, 17-445 (La. 11/13/17), 230 So.3d 205. If a trial court fails to advise, or gives an incomplete advisal, as required by La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. *State v. Gilbert*, 23-121 (La. App. 5 Cir. 11/8/23), 377 So.3d 378. Accordingly, by way of this opinion, we advise defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

## DECREE

For the foregoing reasons, we affirm defendant's sentence. The matter is remanded to the trial court with instructions to correct the UCO, as stated above.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 31, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-502

### E-NOTIFIED
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE M. LAUREN LEMMON (DISTRICT JUDGE)
LIEU T. VO CLARK (APPELLANT)

### MAILED
LOUIS G. AUTHEMENT (APPELLEE)
ATTORNEY AT LAW
13919 RIVER ROAD
SUITE 300
LULING, LA 70070

HON. JOEL T. CHAISSON, II (APPELLEE)
DISTRICT ATTORNEY
TWENTY-NINTH JUDICIAL DISTRICT
COURT
POST OFFICE BOX 680
HAHNVILLE, LA 70057